**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **RAJINDER S. MALHI** | ) | |
| | ) | **Case No. 20-40762-rk** |
| **AND,** | ) | **Chapter 13** |
| | ) | **Honorable Russ Kendig** |
| **PRATIPAL K. MALHI,** | ) | |
| | ) | |
| Debtors. | ) | |

<u>**MOTION OF CREDITOR BRINDA RAMA TO VACATE**</u>
<u>**CHAPTER 13 ORDER OF DISMISSAL (DOC. 44) PURSUANT TO**</u>
<u>**RULE 9024, FEDERAL RULES OF BANKRUPTCY PROCEDURE**</u>

Creditor Brinda Rama ("Rama"), by and through her undersigned counsel, moves this

Court pursuant to Fed. R. Bankr. Pro. 9024 for an Order vacating the June 19, 2020 Chapter 13

Order of Dismissal (Doc. 44) and reinstating this case. As is more fully explained in the

Memorandum in Support that follows, the June 19, 2020 Notice of Voluntary Dismissal (Doc.

43) filed by Debtors Rajinder S. and Pratipal K. Malhi is a nullity and, in any event, Debtors are

not entitled to an order dismissing their case as a result of their bad faith and abuse of process.

Respectfully submitted,

*/s/ Jody M. Oster*
Jody M. Oster (0041391)
1391 W. Fifth Avenue
Suite 433
Columbus, Ohio 43212
Phone: (614) 560-6797
Email: jodymoster@gmail.com

**COUNSEL FOR BRINDA RAMA**

**MEMORANDUM IN SUPPORT**

## I.    INTRODUCTION

The actions taken by Debtors Rajinder S. Malhi and Pratipal K. Malhi ("Debtors") to dismiss their Chapter 13 case are nothing but a continuation of their manipulation of court process to frustrate creditors, delay the payment of their just debts and avoid exposing their financial transactions and dealings to the light of day. Creditor Brinda Rama ("Rama") moves this Court to vacate the June 19, 2020 Chapter 13 Order of Dismissal (Doc. 44) as Debtors have not acted in good faith, but have abused the system to avoid accountability. Rama seeks to move forward with her June 12, 2020 Motions seeking Bankruptcy Rule 2004 examinations as noticed and will therefore seek expedited relief on the instant Motion in separate filings. *See* Docs. 22, 27, 29, 31, 33, 35, 37, 39, 41.

## II.    LAW AND ARGUMENT

Pursuant to Fed. R. Civ. Pro. 60(b), a court may relieve a party from a final judgment or order on motion and on terms that are just. The reasons for vacating such an order are listed in Civ. R. 60(b) and include fraud, misrepresentation, or misconduct by an opposing party, the judgment is void or any other reason that justifies relief. Fed. R. Civ. Pro. 60(b)(3), (4), (6). Civ. R. 60 applies in cases under the Bankruptcy Code. Fed. R. Bankr. Pro. 9024. Rama moves for relief from the Chapter 13 Order of Dismissal (Doc. 44) under subsections (b)(3), (4), and (5) of Civ. R. 60.

2

Initially, Rama notes that she is a creditor, the holder of a Judgment against Debtor Pratipal K. Malhi. *See* Doc. 1, p.22 (Official Form 106E/F, Part 2, ¶4.6); Claim No. 14-1. *See also* Judgment, Ex. A hereto. Rama has standing to bring this Motion.

### A. <u>Debtors' "Notice of Voluntary Dismissal" fails to comply with the Bankruptcy Code and Rules.</u>

Section §1307(b) of the Bankruptcy Code provides that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." Fed. R. Bankr. Pro. 1017 further provides that dismissal under §1307(b) "shall be on motion filed and served as required by Rule 9013." As the docket and bare "Notice of Voluntary Dismissal" reflect, Debtors failed to comply with both 11 U.S.C. §1307(b) and Fed. R. Bankr. Pro. 1017 as they did not file a motion or serve it as required under Bankr. R. 9013 and no creditor or party in interest was afforded an opportunity to object to or respond to such a filing. Doc. 43. Consequently, the Chapter 13 Order of Dismissal is void and should be vacated pursuant to Civ. R. 60(b)(4). But, the June 19, 2020 Chapter 13 Order Dismissing Case should also be vacated pursuant to Civ. R. 60(b)(3) and (5).

### B. <u>Debtors are not entitled to dismissal due to their bad faith and abusive conduct.</u>

As noted by Judge Morgenstern-Clarren in *In re Cyncynatus,* No. 12-10111, 2013 WL 3864310, at *1–2 (Bankr. N.D. Ohio July 24, 2013) (copy attached), the courts are divided on the issue of whether the right to dismiss is subject to an exception for bad faith or abusive conduct. The Court noted in *In re Cyncynatus* that two (2) U.S. Courts of Appeal have addressed the issue of whether the right to dismiss is absolute under 11 U.S.C. §1307(b) and concluded that a debtor does <u>not</u> have an absolute right to dismiss in the face of allegations that a debtor has acted in bad

3

faith or abused the bankruptcy process. *Id.* at \*1–2 (Bankr. N.D. Ohio July 24, 2013), citing *Jacobsen v. Moser (In re Jacobsen),* 609 F.3d 647, 660 (5th Cir. 2010), *Rosson v. Fitzgerald (In re Rosson),* 545 F.3d 764, 774-775 (9th Cir. 2008). *See also, In re Pustejovsky,* 577 B.R. 671 (Bankr. W.D. Tex. 2017); *Saris Realty, Inc. v. Bartlett (In re Bartlett),* 2018 WL 3468832 (B.A.P. 9th Cir. 2018); *In re Smith,* 530 B.R. 327 (Bankr. S.D. Miss. 2015); *In re Scott,* 2017 WL 2802714 (Bankr. S.D. Fla. 2017); *In re Allman,* 2018 WL 1320152 (Bankr. M.D. Tenn. 2018); *In re Grigsby,* 2019 WL 1220930 (Bankr. W.D. La. 2019).

The Sixth Circuit applies a "totality of the circumstances" analysis to determine whether a debtor has acted in good faith. *See In re Copper,* 426 F.3d 810, 815 (6th Cir. 2005) (noting that a good faith determination is fact specific and flexible); *Alt v. United States (In re Alt),* 305 F.3d 413, 418–19 (6th Cir. 2002) (looking at the totality of the circumstances to determine a debtor's good faith under § 1307(c)); *Society Nat'l Bank v. Barrett (In re Barrett),* 964 F.2d 588, 591 (6th Cir. 1992) (noting that a determination under §1325(a)(3) as to a debtor's good faith in proposing a plan must be made after considering the totality of the circumstances). Among the factors considered in determining a debtor's good faith in filing a chapter 13 case are the following non-exhaustive factors:

> (1) the nature of a debtor's debt, including whether the debt would be nondischargeable in a chapter 7 case;
> (2) the timing of the filing of the petition;
> (3) how the debt arose;
> (4) the debtor's motive in filing;
> (5) how the debtor's actions affected creditors;
> (6) debtor's treatment of creditors before and after filing; and
> (7) whether the debtor has been forthcoming with the bankruptcy court and creditors.

*Alt,* 305 F.3d at 419–20 (citing *In re Love,* 957 F.2d 1350, 1357 (7th Cir. 1992)). *See also In re Cusano,* 431 B.R. 726 (B.A.P. 6th Cir. 2010). These same factors apply when analyzing whether a debtor's motion to dismiss should be denied for bad faith. *Mitrano v. United States (In re*

4

*Mitrano),* 472 B.R. 706, 710 (E.D.Va. 2012). The debtor's sincerity in seeking relief and the circumstances under which the debtor's debt was incurred are also factors to consider. *In re Grischkan,* 320 B.R. 654, 658–59 (Bankr.N.D.Ohio 2005) citing *In re Alt,* 305 F.3d at 419–20. Rama submits that the Court should exercise its powers here to prevent Debtors from their continued abuse of process and attempt to use bankruptcy as a shield and a sword.

Debtors' deception began when Debtor Pratipal K. Malhi and her son, Rajdeep Singh, breached the lease agreement they entered into with Rama. Affidavit of Alexandria Nagel, Exhibit B, ¶2. Not only did they fail to pay Rama rent, the apartment they rented from Rama was intentionally destroyed and heavily damaged. Nagel Aff., Ex. B, ¶2. *See also* Complaint, Ex. C, ¶¶12, 13, 14, 19, 20. Rama commenced suit on August 31, 2017 in NY State Court to recover on the defaulted lease and to recover damages for the substantial damage and destruction to the apartment. Nagel Aff., Ex. B, ¶4; Complaint, Ex. C, ¶¶12, 13, 14, 15, 19.

On November 13, 2017, approximately two (2) months after Rama sued Debtor Pratipal K. Malhi and her son in NY State Court, Debtors transferred title to their residence located at 48673 Lakeview Circle, Calcutta, OH 49320 (the "Lakeview Circle Property") to their daughter, Aashi Singh Turney, for no consideration, pursuant to a Deed prepared by Richard Hoppel, Debtors' counsel. *See* 2017 Deed, Ex. D. By that time, Debtors had also incurred significant debt to the Internal Revenue Service, which remains unpaid. *See* Federal Tax Lien filed October 23, 2018, Exhibit E; Doc. 1, p.20, (Official Form 106E/F, Part 1, ¶2.1).

In its October 31, 2018 Entry, the NY Court awarded Rama $76,140 for damage to the apartment and necessary repairs, $20,240 for electrical charges Debtor Pratipal K. Malhi and her son failed to pay, lost rental income and commissions while the apartment was being repaired, plus additional amounts for fees and costs. Ex. C, ¶19; Ex. A. The total amount of the Judgment

5

recovered by Rama against Debtor Pratipal K. Malhi and Rajdeep Singh equals $146,589.57 as of April 30, 2020. *See* Claim 14-1.

After recovering her Judgment in NY State Court, Rama registered the Judgment in Columbiana County, Ohio, on November 8, 2019 to proceed with efforts to collect from Debtor Pratipal K. Malhi and her son, Rajdeep Singh. *See* Judgment, Ex. A; Nagel Aff., Ex. B, ¶¶7,8. In the Columbiana County case, Rama sought production of records and documents from Debtor Pratipal K. Malhi relating to her assets and property and, in particular, to determine the location of the nearly $3,000,000 in assets identified in a 2015 Statement of Net Worth provided by Debtors and their accountants to Rama in August 2015. *See* Nagel Aff., Ex. B, ¶¶3, 9, 10; August 2015 Statement of Net Worth, Ex. F, pp.2-3. Rama also obtained an order for the judgment debtor examination of Debtor Pratipal K. Malhi to take place on February 24, 2020, however, that examination did not go forward due to the lack of production of documents and records and also the Chapter 13 filing herein. *See* Nagel Aff., Ex. B, ¶12.

During the Columbiana County proceedings, Debtor Pratipal K. Malhi was largely unresponsive and simply ignored the orders of the Court. Nagel Aff., Ex. B, ¶¶9, 13. The only time Debtor Pratipal K. Malhi contacted Rama's counsel was on March 19, 2020, on the eve of the scheduled production of records and documents, to request an extension of time to produce the requested records and documents, affirming she would produce what was requested at the new, agreed-upon date and time. Nagel Aff., Ex. B, ¶10. Rama, through her counsel, accommodated the request and agreed to reschedule the deadline for production to April 13, 2020, but of course, Debtor Pratipal K. Malhi and her son were no shows and did not produce a single record or document to Rama, causing Rama to seek an order from the Columbiana Court of Common Pleas compelling the production. Nagel Aff., Ex. B, ¶¶10, 11. The Columbiana

County, Ohio Court of Common Pleas issued an order on April 27, 2020 compelling Debtor Pratipal K. Malhi to produce the records and documents. Nagel Aff., Ex. B, ¶11. But, Debtor Pratipal K. Malhi never intended to produce any records or documents to Rama when she requested the extension of time. She had a plan to continue to avoid Rama's requests.

Days after the Common Pleas Court ordered Debtor Pratipal K. Malhi to produce the requested records and documents regarding her financial condition and transactions, Debtors filed their Chapter 13 petition herein on May 1, 2020. Doc. 1. And, to ensure that their residence was protected from creditors, Debtors' daughter transferred title to the Lakeview Circle Property back to Debtors on April 29, 2020, two (2) days after the Common Pleas Court issued its order compelling production of records and documents and two (2) days before the Chapter 13 filing. *See* April 29, 2020 Deed, Ex. G. Like the 2017 Deed, the 2020 Deed was prepared by Debtors' bankruptcy counsel, Richard Hoppel. Ex. D; Ex. G. And like the initial transfer of title to the Lakeview Circle Property by Debtors to their daughter on November 13, 2017, the April 29, 2020 transfer back to the Debtors lacked consideration. *See* Ex. D; Ex. G. The transfers of title to the Lakeview Circle Property to Debtors' daughter and then back to Debtors were sham transactions, very clearly orchestrated to prevent Rama and the IRS from acquiring an interest in the property. In fact, every action taken by Debtors, including the filing of their Chapter 13 Petition herein, was designed to prevent creditors from uncovering assets and property and information about their financial transactions and to avoid payment.

For a second time, Rama and her counsel prepared to examine Debtor Pratipal K. Malhi about her financial transactions and condition, this time at the noticed §341 Meeting of Creditors scheduled for June 10, 2020 at 9:15AM. Doc. 10. Minutes before the original §341 Meeting was to commence, Debtors, through their counsel, notified the appointed Trustee, Michael Gallo,

that neither Debtor would appear for the §341 Meeting because one of the two, Debtor Rajinder S. Malhi, had just become employed in Pennsylvania. *See* Doc. 45, ¶¶6, 7. Debtors' counsel now states in his June 19, 2020 Application for Compensation that he learned about the employment of Debtor Rajinder S. Malhi on June 8, 2020, two (2) days before the §341 Meeting even though he informed the Trustee that his clients would not appear on June 10, 2020 minutes before the §341 Meeting was to start. *See* Doc. 45, ¶¶6, 7. The §341 Meeting was then rescheduled to June 19, 2020 at 9:30AM. Doc. 21.

Once again, Rama and her counsel prepared to attend and participate in the rescheduled §341 Meeting, but Debtors' prior actions indicated Rama needed to get information about Debtors' financial transactions from sources other than Debtors. On June 12, 2020, Rama, through her counsel, filed a number of motions seeking Rule 2004 examinations of banks and investment companies with whom Debtors had current or past accounts (including those listed in the 2015 Statement of Net Worth and the Debtors' bankruptcy schedules) in an effort to determine whether Debtors were concealing assets and property and what had happened to the nearly $3,000,000 in assets and property listed in the 2015 Statement of Net Worth. *See* Doc. 1, p.8 (Official Form 106, Part I). *See also* Docs. 22, 27, 29, 31, 33, 35, 37, 39, 41; Ex. F, pp.2-3. Included in her requests were the same records and documents Debtor Pratipal K. Malhi promised to provide to Rama in the Columbiana County case if Rama agreed to an extension of time for the production. Nagel Aff., Ex. B, ¶9. The hearing on the Motions was set for July 2, 2020 with responses due prior to that time. Docs. 25, 28, 30, 32, 34, 36, 38, 40, 42.

But, Debtors' games continued. At 8:44AM on June 19, 2020, Debtors, through the same counsel who prepared the 2020 Deed transferring title from the Lakeview Circle Property back to the Debtors two (2) days prior to filing their Chapter 13 petition, took yet another step to

continue to frustrate the rights of creditors through abuse of process. Forty-six (46) minutes before the start of the rescheduled §341 Meeting of Creditors, Debtors filed a pleading styled "Notice of Voluntary Dismissal" halting not only the rescheduled §341 Meeting of Creditors that was to commence in the next hour, but Rama's continued efforts to obtain information and discovery about Debtors' assets and property and in particular to explain the disappearance of nearly $3,000,000 in assets and property. Doc. 43. This Court's Order followed. Doc. 44.

Rama has expended a considerable amount of time and money, first in State court and now in this Court to attempt to collect the Judgment she has against Debtor Pratipal K. Malhi, to uncover the truth behind Debtors' financial transactions and condition and to determine whether their proposed Chapter 13 Plan should be confirmed. While Rama has respected the process in both State court and now in this Court, the same cannot be said of Debtors. Their abuse and bad faith is uncontrolled and boundless.

The destruction of Rama's apartment and refusal of Debtor Pratipal K. Singh and her son to accept responsibility for their actions, Debtors' transfer of their residence (the Lakeview Circle Property) for no consideration after Rama commenced suit in NY State Court to avoid a potential loss of their residence to creditors, ignoring the orders of the Columbiana County Court of Common Pleas, manipulating Rama and her counsel to buy time and avoid production of records and documents detailing the financial condition and transactions of Debtor Pratipal S. Malhi, the unexplained disappearance of nearly $3,000,000 in assets and property, the last minute failure to appear for the original §341 Meeting and then a noncompliant "Notice of Voluntary Dismissal" to avoid the rescheduled §341 Meeting make clear Debtors are doing nothing more than abusing process, attempting to thwart the claims of legitimate creditors and avoid discovery of their true financial condition and proof of their bad acts. There are no legitimate explanations for Debtors'

9

actions and their unabashed disrespect for the court system and Rama, nothing that could support a claim that Debtors acted in good faith at any time, pre- or post-petition, and nothing that supports the right to grant these Debtors dismissal of their Chapter 13 case.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Rama respectfully requests that the Court vacate the June 19, 2020 Chapter 13 Order of Dismissal pursuant to Fed. R. Civ. Pro. 60(b)(3), (4) and (6), applicable herein pursuant to Bankruptcy Rule 9024. Doc. 44. Rama further respectfully requests that the Court permit her Motions for 2004 examinations filed on June 12, 2020 to proceed as scheduled and noticed without further delay and obstruction by Debtors and grant her all other relief this Court deems just and proper.

Dated: June 20, 2020                                 Respectfully submitted,

*/s/ Jody M. Oster*
Jody M. Oster (0041391)
1391 W. Fifth Avenue
Suite 433
Columbus, Ohio  43212
Phone: (614) 560-6797
Email: jodymoster@gmail.com

**COUNSEL FOR BRINDA RAMA**

10

## CERTIFICATE OF SERVICE

The undersigned, Jody M. Oster, hereby certifies that on this 20th day of June, 2020, a

true and correct copy of the foregoing was served upon all parties receiving CM/ECF noticing

via the Court's CM/ECF system and further that the foregoing Motion, together with the Notice

required by Local Bankruptcy Rule 9013-1, was mailed via USPS first class mail, postage

prepaid, on the following:

Rajinder S. Malhi
Pratipal K. Malhi
48673 Lakeview Circle
Calcutta, OH 43920

Weidrick Livesay & Company
2150 N. Cleveland-Massillon Road
Akron, OH 44333

CF Bank, National Association
Attn: Court Order/Subpoena Processing
7000 North High Street
Worthington, OH 43085

PNC Bank, National Association
Attn:  Court Order/Subpoena Processing
100 East Federal Street
Youngstown, Ohio  44503

Farmers National Bank
nka: Farmers National Bank of Canfield
Attn:  Court Order/Subpoena Processing
20 South Broad Street
Canfield, Ohio 44406

Fidelity Brokerage Services, LLC
3750 W Market Street
Unit A
Fairlawn, OH 44333

The Huntington National Bank
Attn:  Court Order/Subpoena Processing

11

7 Easton Oval
Columbus, Ohio 43219

Charles Schwab & Co., Inc.
3067 W. Market St.
Suites 2 & 3
Fairlawn, Ohio  44333

Charles Schwab Bank, SSB
3067 W. Market St.
Suites 2 & 3
Fairlawn, Ohio  44333

The Vanguard Group, Inc.
100 Vanguard Boulevard
Malvern, Pennsylvania  19355-2331

Vanguard Marketing Corporation
455 Devon Park Drive
Wayne, PA 19087-1815

TD Ameritrade, Inc.
Attn: Court Order/Subpoena Processing
4356 Belden Village Avenue NW
Canton, Ohio 44718

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

*/s/ Jody M. Oster*
Jody M. Oster (0041391)

**COUNSEL FOR BRINDA RAMA**

# EXHIBIT A

*(handwritten, top right)* ᵃᵘⁱᶜᴬⁱˢ

FILED
COLUMBIANA COUNTY
COMMON PLEAS COURT

2019 NOV -8 AM 8: 39

ANTHONY J. DATTILO
CLERK

Index No. 157808/2017

**JUDGMENT** *(handwritten)* 2019 JL814
2019 EX15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
BRINDA RAMA,

                               Plaintiff,

        -against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

                              Defendants.

-------------------------------------------------------x

        Plaintiff having moved by Notice of Motion, dated November 27, 2017, for an Order

pursuant to CPLR 3215 granting Plaintiff Judgment for the relief demanded in the Verified

Complaint, dated August 31, 2017; and

        Plaintiff's motion being fully submitted without opposition on December 14, 2017; and

        The Court having considered the affirmation of Lance Luckow, together with the exhibits

annexed thereto in support of the motion, and the affidavit of Brinda Rama, together with the

exhibits annexed thereto; *(handwritten)* and upon The order of Hon. Gerald Lebovits dated 12/18/17;

        It is hereby ~~ORDERED~~, ADJUDGED, ~~AND DECREED~~, that plaintiff BRINDA RAMA, *(handwritten)* have judgment and

with her residential address being Bertha von Suttnerlaan 91, 1187ST Amstelveen, Netherlands, do

recover of the defendants, RAJDEEP SINGH and PRATIPAL K. MALHI, whose address is 48673 *(handwritten)* jointly and severally,

Lakeview Circle, East Liverpool, Ohio 43920, the sum of $115,980.00 with interest thereon from *(handwritten)* $ 12,468.64

the 15th day of August 2017 in the sum of ~~$5,203.38~~ together with costs and disbursements as taxed *(handwritten)* by The clerk
*(handwritten)* $550.00        $ 128,998.64

in the sum of ~~$520.00~~, making in all the sum of ~~$121,703.38~~, and the plaintiff shall have execution

therefore.

**FILED**

OCT 25 2018

COUNTY CLERK'S OFFICE
NEW YORK

*(signature)* M. A-T

CLERK

20-40762-rk   Doc 48   FILED 06/20/20   ENTERED 06/20/20 17:13:08   Page 14 of 47

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
BRINDA RAMA,

                         Plaintiff,

-against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

                       Defendant.
-------------------------------------------------------------x

Index No. 157808/2017

**BILL OF COSTS**

COSTS

Costs before Note of Issue (CPLR 8201[1])      $ 200.00 ✓

TOTAL COSTS      $ 200.00

DISBURSEMENTS

Fee for Index number (CPLR 8018[a])      $ 210.00 ✓

Serving summons and complaint (CPLR 8011[h][1])      ~~$ 15.00~~
Motion Fee      45.00
Request for judicial intervention      $ 95.00 ✓

TOTAL DISBURSEMENTS      ~~$ 320.00~~   $ 350.00

**TOTAL COSTS AND DISBURSEMENTS**    ~~$ 520.00~~   $ 550.00

ATTORNEY AFFIRMATION

    The undersigned attorney at law of the State of New York, and attorney for the plaintiff, affirms under penalty of perjury that the disbursements stated are correct, necessary, and reasonable in amount.
Dated: New York, New York
       October 24, 2018

Lance Luckow
ROSE & ROSE
Attorneys for Plaintiff
291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$     550.00

OCT 25 2018

M A T

CLERK

**FILED**

OCT 25 2018

COUNTY CLERK'S OFFICE
NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.          Year

BRINDA RAMA,

        Plaintiff,

-against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

        Defendant.

*Judgment*

ROSE & ROSE

Attorney(s) for

Plaintiff

Office and Post Office Address, Telephone.

291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

I - 2

**FILED AND DOCKETED**

OCT 25 2018

AT    10:17   AM

N.Y., CO. CLK'S OFFICE

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on          at          M.

Dated,

of which the within is a true copy
one of the judges of the

Yours, etc.

7 of 7

3 of 3

No. 1029065

FILED
COLUMBIANA COUNTY
COMMON PLEAS COURT

2019 NOV -8 AM 8: 39

ANTHONY J. DATTILO
CLERK

## Certification

**STATE OF NEW YORK, COUNTY OF NEW YORK, SS:**

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on October 10, 2019 I have compared

the document attached hereto,

Judgment page(s) 3

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

IN RE:                    )

                          )     Chapter 13

RAJINDER S. MALHI       )

                          )     Case No. 20-40762-rk

       AND,              )

                          )     Honorable Russ Kendig

PRATIPAL K. MALHI,       )

                          )

      Debtors.           )

## AFFIDAVIT

Now comes Alexandria N. Nagel, of Maguire Schneider Hassay LLP, being first duly cautioned and sworn, who deposes and states as follows, I am over the age of 18 and am competent to testify to the matters set forth herein, and make this Affidavit upon my personal knowledge and belief:

1. I, along with attorney Olivia R. Rancour, of Maguire Schneider Hassay LLP, represent Creditor Brinda Rama (hereinafter referred to as "Creditor") in Columbiana County Common Pleas Court Case No. 2019 EX 15.

2. From September 15, 2015 through September 14, 2017, Rajdeep Singh (hereinafter referred to as the "son"), the son of Debtors Rajinder S. Malhi and Pratipal K. Malhi (hereinafter collectively referred to as "Debtors"), leased an apartment in New York from Creditor. Pratipal K. Malhi (hereinafter referred to as "Malhi") was a co-signer on the lease. Malhi and her son subsequently breached the lease agreement when they vacated the apartment on or about August 14, 2017. As a result of Malhi and her son's actions, Creditor was greatly damaged.

3. As co-signer for her son's lease, Malhi provided a 2015 Statement of Financial Worth to Creditor. The 2015 Statement of Financial Worth provided by Malhi and her accountants identified nearly $3,000,000 in assets owned by Malhi.

4. Creditor filed a complaint against Malhi and her son in New York State Court on August 31, 2017 to recover on the defaulted lease as well as monetary damages for substantial damage and destruction done to the apartment during the son's occupancy.

5. Creditor was granted a judgment in the amount of $128,998.64, plus costs and fees, on October 25, 2018.

6. As of April 30, 2020, the total amount owed to creditor equals $146,589.57.

7. After recovering her judgment in the New York State Court, Creditor retained Olivia R. Rancour and myself to register the judgment in the Columbiana County, Ohio where Malhi and her son reside and maintain assets.

8. The New York State Court judgment was registered in the Columbiana County Court of Common Pleas on November 8, 2019 and Creditor proceeded with efforts to collect on the judgment through her retained counsel.

9. Requests for production of documents and interrogatories pertaining to the parties' assets and property were served upon Malhi and her son on January 23, 2020 and responses were due on or before February 20, 2020. Malhi and her son never provided responses to the discovery requests.

10. Numerous attempts to contact Malhi and her son about their discovery responses were made after February 20, 2020. Malhi responded only once, on March 19, 2020, one month after scheduled response date, to request an additional extension of time to provide responses. The request was granted for Malhi and her son to provide their discovery

responses on or before April 13, 2020. Neither Malhi nor her son have responded to any communications since that date.

11. A subsequent motion to compel discovery responses was filed in the Columbiana County Court of Common Pleas. On April 27, 2020, the Columbiana County Court of Common Pleas Ordered Malhi and her son to respond within five (5) days of the order, however, neither Malhi nor her son complied with the Order.

12. The Columbiana County Court of Common Pleas also Ordered Malhi and her son to submit to a judgment debtors examination on February 24, 2020, however due to the lack of discovery responses, the Covid-19 pandemic, and a stay of proceedings due to the notice of the Chapter 13 Bankruptcy filing, that examination has yet to take place.

13. Malhi and her son have been evading participation in the pending Columbiana County Court of Common Pleas case and they have been entirely uncooperative and unresponsive.

14. The Columbiana County case was pending at the time of Debtors' bankruptcy filing and no further action has been taken.

**FURTHER AFFIANT SAYETH NAUGHT.**

_Alexandria N. Nagel_
Alexandria N. Nagel

Sworn to before me and subscribed in my presence this _20th_ day of June 2020.

_[Notary Seal: NOTARIAL SEAL, STATE OF OHIO]_

**JODY M. OSTER**
Attorney At Law
Notary Public, State of Ohio
My commission has no expiration date
Sec. 147.03 R.C.

_[signature]_
Notary Public

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------x

BRINDA RAMA,

                              Plaintiff,

               -against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

                              Defendant.

----------------------------------------------------------------------x

Date of Filing:           / 2017

Index No. _____ / 2017

Plaintiff designates New York
County as the place of trial.

Basis of Venue: Plaintiff, by her
managing agent, maintains an
office in New York County.

**SUMMONS**

Plaintiff's place of business is
located at 451 West Broadway
New York, NY 10012

To the above named Defendant:

        You are hereby summoned to answer the complaint in this action and to serve a copy of your

answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the

plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of

service (or within 30 days after the service is complete if this summons is not personally delivered to

you within the State of New York); and in case of your failure to appear or answer, judgment will be

taken  against you by default for the relief demanded in the complaint.

Dated: New York, New York
        August 31, 2017

                                                    _____
                                                    LANCE LUCKOW
                                                    ROSE & ROSE
                                                    Attorneys for Plaintiff
                                                    291 Broadway, 13th Floor
                                                    New York, New York 10007
                                                    (212) 349-3366

Defendants' Address:
RAJDEEP SINGH
PRATIPAL K, MALHI
48673 Lakeview Circle
East Liverpool, OH 43920

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

BRINDA RAMA,                                          Index No. _____ 2017

                        Plaintiff,                    **COMPLAINT**

              -against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

                        Defendants.
------------------------------------------------------------------x

Plaintiff Brinda Rama ("Plaintiff") by her attorneys, ROSE & ROSE, complaining of the

defendants, hereby alleges as follows:

1.       Plaintiff is an individual domiciled in Amstelveen, Noord-Holland, Netherlands,

who by her managing agent maintains an office at 451 West Broadway, New York, New York.

2.       Plaintiff is the owner of Penthouse D (the "Unit") of the 255 Hudson

Condominium, located at 255 Hudson Street, New York, New York.

3.       Defendant Rajdeep Singh ("Singh") is an individual domiciled in East Liverpool,

Ohio.

4.       Defendant Pratipal Malhi ("Malhi") is an individual domiciled in East Liverpool,

Ohio.

5.       Singh was the tenant with respect to the Unit, pursuant to a lease, dated August

25, 2015, by and between Brinda Rama and Federico Spadea, as Landlord, and Rajdeep Singh, as

Tenant (the "Lease"), for a term beginning September 15, 2015 and ending September 14, 2016.

6.       The Rider to the Lease, dated August 25, 2015 (the "Rider"), provided for a one-

year extension option reserving a rent of $6,900 per month for an extension term beginning

September 15, 2016 and ending September 14, 2017. Singh elected to exercise the option thereby extending the Lease for a term ending September 14, 2017.

7.     Paragraph 8 of the Lease provides in pertinent part that:

"**Repairs**

Tenant must take good care of the Unit and all equipment and fixtures in it. Tenant must, at Tenant's cost make all repairs and replacements whenever the need results from Tenant's act or neglect. If Tenant fails to make a needed repair or replacement, Landlord may do it. Landlord's expense will be added rent."

8.     Paragraph 8 of the Rider provides for Singh's payment of all utilities other than heat and hot water.

9.     Paragraph 23 of the Lease provides that Singh must pay Landlord's expenses, "including, but not only, reasonable legal fees, brokers fees, cleaning and repairing costs, decorating costs and advertising costs" in the event of a default by Singh.

10.     Malhi executed a Guaranty forming a part of the Lease and providing in pertinent part that:

"2. **Guaranty**  I guaranty the full performance of the Lease by the Tenant. This Guaranty is absolute and without condition. It includes, but is not limited to, the payment of rent and other money charges.

3. **Changes in Lease have no effect**  This Guaranty will not be effected by any change in the Lease, whatsoever. This includes, but is not limited to, any extension of time or renewals. The Guaranty will bind me even if I am not a party to these changes."

11.     Singh abandoned the Unit on or about August 14, 2017.

12.     Plaintiff was required to engage a locksmith to obtain entry into the Unit, whereupon Plaintiff discovered that Singh had caused and/or suffered extensive and serious damage to the Unit, including without limitation, dog urine saturation resulting in the warping

and ruin of the Brazilian hardwood floors, damage caused by Singh's dog chewing on baseboards and built-in shelving unit, holes in the walls and a mold condition caused by Singh's failure to properly maintain the shower that was so serious, re-grouting is required.

13.     Singh failed to pay electrical charges due per the Lease.

14.     Singh failed to pay rent accruing on August 15, 2017 notwithstanding his failure to surrender possession of the Unit.

15.     Plaintiff has been unable to rent the Unit due to its condition.

## AS AND FOR A FIRST CAUSE OF ACTION

16.     Plaintiff repeats and realleges paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     The Lease constitutes a valid and enforceable contract pursuant to which Singh agreed, *inter alia*, to pay Plaintiff rent and additional rent due.

18.     Plaintiff fully performed her obligations pursuant to the Lease.

19.     Singh has defaulted in the payment of rent and additional rent due in the amount of $6,900 base rent for the period August 15-September 14, 2017, $1,200 in electrical charges, $76,140 in repair costs, at least $14,000 in lost rent income and $5,040 in broker's commissions.

20.     Plaintiff is entitled to Judgment against Defendant Rajdeep Singh in in an amount to be determined, but in no event less than $103,280.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     Plaintiff repeats and realleges paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Singh owed Plaintiff a duty of care with respect to his use of the Unit and breached said duty, which breach proximately caused the damages sued for herein.

23. Plaintiff is entitled to Judgment against Defendant Rajdeep Singh in an amount to be determined, but in no event less than $90,140.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiff repeats and realleges paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Defendant Pratipal Malhi is equally liable with Defendant Rajdeep Singh and for defaults by Defendant Rajdeep Singh in the payment of rent and additional rent in $103,280.

26. Plaintiff is entitled to Judgment against Defendant Pratipal Malhi in an amount to be determined, but in no event less than $103,280.

## AS AND FOR A FOURTH CAUSE OF ACTION

27. Plaintiff repeats and realleges paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Pursuant to the Lease, Plaintiff is entitled to recover its reasonable attorneys' fees, costs and disbursements incurred herein in an amount to be determined, but not less than $5,000.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Rajdeep Singh on the first cause of action in an amount to be determined, but in no event less than $103,280; against Defendant Rajdeep Singh on the second cause of action in an amount to be determined, but in no event less than $90,140; against Defendant Pratipal Malhi on the third

cause of action in in an amount to be determined, but in no event less than $103,280; against Defendant Rajdeep Singh and Defendant Pratipal Malhi on the fourth cause of action in an amount to be determined, but not less than $5,000; together with costs, disbursements and such other and further relief as this Court may deem just, equitable and proper.

Dated: New York, New York
        August 31, 2017

Yours, etc.,

Lance Luckow
ROSE & ROSE
Attorneys for Plaintiff
291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.                    Year

BRINDA RAMA,

        Plaintiff,

  -against-

RAJDEEP SINGH
PRATIPAL K. MALHI,

        Defendant.

## SUMMONS

### ROSE & ROSE

*Attorney(s) for*    Plaintiff

*Office and Post Office Address, Telephone*

291 Broadway, 13th Floor
New York, New York 10007
(212) 349-3366

**To**

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

**Attorney(s) for**

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on             at           M.

Dated,

         of which the within is a true copy
         one of the judges of the

         Yours, etc.

# EXHIBIT D



ENTERED FOR TRANSFER

NOV 1 3 2017

COLUMBIANA COUNTY AUDITOR
NANCY G. MILLIKEN

This conveyance has been examined and th
Grantor has complied with Section 319.202 of
the Ohio Revised Code.
FEE $____
EXEMPT____ ✓
**Nancy Milliken, County Auditor**

Doc ID:   004403720002 Type: OFF
Recorded: 11/13/2017 at 01:05:54 PM
Fee Amt: $28.00 Page 1 of 2
Columbiana County, Ohio
Theresa Bosel County Recorder
File# 2017-00012508
BK **2251** PG **38-39**

## Quit Claim Deed

Be it known that, **RAJINDER SINGH and PRATIPAL K. SINGH**, Husband and Wife, who claim title by or through the instrument recorded at Deed Volume 1539, Page 556 of the Columbiana County Recorder's Office, for love, affection and other valuable consideration received, hereby grant all of their right, title and interest of whatever kind, unto the grantee, **AASHI SINGH TURNEY**, a Married Woman, whose tax mailing address is or will be 48673 Lakeview Circle, East Liverpool, Ohio 43920, **THE FOLLOWING REAL PROPERTY**:

Situated in the County of Columbiana, in the State of Ohio, and in the Township of St. Clair and being more fully described as follows:

Known as and being Lot Number 12 in Paul M. Brown's "Lakeview Addition", as shown on the recorded plat of said Addition in Plat Book 6, Page 178 of the Columbiana County Plat Records.

**SUBJECT** to leases, rights of ways and easement of record and to all restrictions and reservations, conditions and covenants which apply to said Lakeview Addition, and which are a part of the dedication of said plat of said addition.

Prior Deed Reference:          Deed Volume 1539 Page 556
Permanent Parcel Number:       61-01402.000
Plat Reference:                Book 6, Page 178
Property Address:              48673 Lakeview Circle, East Liverpool, Ohio 43920

*WITNESS* our hands this ____7th____ day of November, 2017.

_____          _____
**RAJINDER SINGH, Grantor**          **PRATIPAL K. SINGH, Grantor**

State of Ohio                    }
                                 }    ss:
County of Columbiana             }

    **BE IT REMEMBERED,** That on this _____ day of November, 2017, before me, the subscriber, a Notary Public in and for said County and State, personally came **RAJINDER SINGH and PRATIPAL K. SINGH,** Grantors in the foregoing deed and acknowledged their signing thereof to be their voluntary act and deed.

    **IN TESTIMONY WHEREOF,** I have hereunto subscribed my name and affixed my seal on the day and year aforesaid.

_____
NOTARY PUBLIC

My Commission Does Not Expire

This instrument prepared by:

Richard V. Hoppel, Esquire
Ohio Supreme Ct #0063000
Richard V. Hoppel Co., L.P.A.
16688 St. Clair Avenue
East Liverpool, Ohio 43920
(330) 368-0061
rvhcolpa@gmail.com



Richard V. Hoppel, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date

# EXHIBIT E

**Recorded: 10/23/2018 8:46 AM Type: OFF**
**Total Fees: $5.00 Pages 1 of 1**
**Columbiana County, Ohio**
**Theresa Bosel County Recorder**
**File # 201800011046 Book: 2308 Page: 838**

|  | 11874 |  |
|---|---|---|

| Form 668 (Y)(c)<br>(Rev. February 2004) | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #2<br>Lien Unit Phone: (800) 829-3903 | Serial Number<br><br>328093218 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer RAJINDER SINGH-MALHI & PRATIPAL SIN

Residence     48673 LAKEVIEW CIR
              CALCUTTA, OH 43920-9641

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2015 | XXX-XX-1605 | 08/12/2016 | 09/11/2026 |  |
| 1040 | 12/31/2015 | XXX-XX-1605 | 07/31/2017 | 08/30/2027 | 4055.78 |
| 1040 | 12/31/2016 | XXX-XX-1605 | 11/20/2017 | 12/20/2027 | 124174.12 |

| Place of Filing | Recorder of Columbiana County<br>Columbiana County<br>Lisbon, OH 44432 | Total $ | 128229.90 |
|---|---|---|---|

This notice was prepared and signed at _____ DETROIT, MI _____ , on this,

the ___ 16th ___ day of ___ October ___, ___ 2018 ___.

| Signature     *Joan Flach*<br>for G.J. CARTER-LOUIS | Title<br>ACS SBSE<br>(800) 829-3903 | 22-00-0008 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 1 - Kept By Recording Office**

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

# EXHIBIT F

# W L + CO. Weidrick Livesay & Company
CERTIFIED PUBLIC ACCOUNTANTS

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Whom it May Concern | Diane M. Burge, CPA |

| COMPANY: | DATE: |
|---|---|
| Rajinder Singh-Malhi & Pratipal Singh | 8/25/2015 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 330-385-5088 | 1 page including cover sheet |

| PHONE NUMBER: | RE: |
|---|---|
| | Financial Resources |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

The information contained in this fax message is confidential and intended only for the review and use of the recipient named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this facsimile message or its contents is strictly prohibited. If you have received this facsimile message in error, please notify Weidrick Livesay & Company immediately by telephone at (330) 659-5985.

To Whom it May Concern:

Rajinder Singh-Malhi and Pratipal Singh have been clients of ours for over 20 years. Please consider this confirmation that they have sufficient financial resources to pay the rent on the apartment for which application has been made in which their child will reside. Specifically, they have a net worth in excess of $2mil and taxable and non-taxable income of $7,550 monthly excluding investment and retirement income.

Yours truly,
Diane Burge

2150 N. Cleveland-Massillon Road • Akron, OH 44333 P 330.659.5985 F 330.659.5986
www.wlcpa.com

## STATEMENT OF NET WORTH - AS OF AUGUST 24, 2015
## UNAUDITED

### ASSETS

LIQUID ASSETS:

| | | |
|---|---|---|
| Bank Accounts | $ | 25,000 |
| Scottrade #X4052 | $ | 32,000 |
| Scottrade #x8290 | $ | 82,000 |
| Charles Schwab | $ | 35,000 |
| Vanguard | $ | 52,000 |

|  | | |
|---|---|---|
| TOTAL LIQUID ASSETS | $ | 226,000 |

SEMI-LIQUID ASSETS:

| | | |
|---|---|---|
| IRA Rollover and Traditional Accounts (Taxable) | $ | 1,300,000 |
| ROTH IRA Account (non-taxable) | $ | 300,000 |
| Life Insurance Policies (Cash Value - Face Amount is $2mil) | $ | 200,000 |

| | | |
|---|---|---|
| TOTAL SEMI-LIQUID ASSETS | $ | 1,800,000 |

REAL ESTATE INDIVIDUALLY OWNED:

| | | |
|---|---|---|
| Personal Residence - 48673 Lakeview Circle; Calcutta, OH 49320 | $ | 255,500 |
| Professional Building - 15898 St. Clair Ave.; Calcutta, OH 43920 | $ | 482,500 |

| | | |
|---|---|---|
| TOTAL REAL ESTATE OWNED | $ | 738,000 |

OTHER ASSETS:

| | | |
|---|---|---|
| Guru Investment Club at FMV | $ | 17,000 |
| Furniture & Fixtures - Personal Residence | $ | 35,000 |
| Personal Effects and Jewelry | $ | 100,000 |
| Automobile - 2015 Jeep | $ | 43,000 |
| Automobile - 2012 Mercedes Benz C300 | $ | 20,100 |
| Automobile - 2006 Lexus G470 | $ | 13,400 |

| | | |
|---|---|---|
| TOTAL OTHER ASSETS | $ | 228,500 |

| | | |
|---|---|---|
| TOTAL ASSETS | | $2,992,500 |

## LIABILITIES AND NET WORTH

CURRENT LIABILITIES:
    Credit cards      $ 12,000

       TOTAL CURRENT LIABILITIES      $ 12,000

MORTGAGES OF REAL ESTATE:

    Mortgage on primary residence      $ 100,000
    Mortgage on professional buidling      $ -

       TOTAL REAL ESTATE MORTGAGES      $ 100,000

OTHER LIABILITIES:
    Auto Loan - 2015 Jeep      $ 35,000
    Deferred Tax Liability on IRA Accounts      $ 390,000

       TOTAL OTHER LIABILITIES      $ 390,000

TOTAL LIABILITIES      $ 502,000

TOTAL NET WORTH      $ 2,490,500

TOTAL LIABILITIES & NET WORTH      $ 2,992,500

# EXHIBIT G

**Recorded: 4/30/2020 9:04 AM Type: OFF**
**Total Fees: $34.00 Pages 1 of 2**
**Columbiana County, Ohio**
**Theresa Bosel County Recorder**
**File # 202000004079 Book: 2401 Page: 172**



## ENTERED FOR TRANSFER

### APR 29 2020

**COLUMBIANA COUNTY AUDITOR**
**NANCY G. MILLIKEN**

This Conveyance has been examined & the
Grantor has complied with Sec. 319.202 of
the Ohio Revised Code.

FEE $_____ **Exempt** ✓

*Nancy Milliken, Auditor*

## Quit Claim Deed

Be it known that, **AASHI SINGH TURNEY,** A Married Woman, who claims title by or through the instrument recorded at ORV 2251, Page 38-39 of the Columbiana County Recorder's Office, for love, affection and other valuable consideration received, hereby grants all of her right, title and interest of whatever kind, unto the grantees, **RAJINDER MALHI** and **PRATIPAL MALHI,** Husband and Wife, for their Joint Lives with Full Rights of Survivorship and whose tax mailing address is or will be 48673 Lakeview Circle, East Liverpool, Ohio 43920, **THE FOLLOWING REAL PROPERTY:**

Situated in the County of Columbiana, in the State of Ohio, and in the Township of St. Clair and being more fully described as follows:

Known as and being Lot Number 12 in Paul M. Brown's "Lakeview Addition", as shown on the recorded plat of said Addition in Plat Book 6, Page 178 of the Columbiana County Plat Records.

**SUBJECT** to leases, rights of ways and easement of record and to all restrictions and reservations, conditions and covenants which apply to said Lakeview Addition, and which are a part of the dedication of said plat of said addition.

Prior Deed Reference:        ORV   2251    Page   38-39
Permanent Parcel Number:    61-01402.000
Plat Reference:            Book 6, Page 178
Property Address:        48673 Lakeview Circle, East Liverpool, Ohio 43920

**Eric J. Turney,** Spouse of Grantor Aashi Singh Turney, by his signature below does hereby waive any right or expectancy of Dower herein.

**WITNESS** our hands this _____ day of April, 2020.

_____      _____
**AASHI SINGH TURNEY, Grantor**        **ERIC J. TURNEY, Spouse of Grantor**

State of Ohio                 }
                        }    ss:
County of Columbiana       }

     **BE IT REMEMBERED**, That on this _16th_ day of April, 2020, before me, the subscriber, a Notary Public in and for said County and State, personally came **AASHI SINGH TURNEY and ERIC J. TURNEY,** Grantors in the foregoing deed and acknowledged their signing thereof to be their voluntary act and deed.

     **IN TESTIMONY WHEREOF**, I have hereunto subscribed my name and affixed my seal on the day and year aforesaid.

_____
NOTARY PUBLIC

My Commission Expires: _____

KAREN SMITH
Notary Public, State of Ohio
My Commission Expires
August 30, 2023

This instrument prepared by:

Richard V. Hoppel, Esquire
Ohio Supreme Ct #0063000
Richard V. Hoppel Co., L.P.A.
16688 St. Clair Avenue
East Liverpool, Ohio 43920
(330) 368-0061
rvhcolpa@gmail.com

2013 WL 3864310
Only the Westlaw citation is currently available.
United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

In re Jerry CYNCYNATUS and
Diane L. Cyncynatus, **Debtors**.

No. 12–10111.
|
July 24, 2013.

### *MEMORANDUM OF OPINION AND ORDER* [1]

PAT E. MORGENSTERN–CLARREN, Chief Bankruptcy Judge.

 **\*1** The **debtors** Jerry and Diane Cyncynatus filed a **chapter 13** bankruptcy **case**. After the **Chapter 13** trustee moved to convert the **case** to chapter 7 under Bankruptcy Code § 1307(c), and the court had set that motion for trial, the **debtors** moved instead to have their **case** dismissed under Bankruptcy Code § 1307(b). [2] The issue is whether § 1307(b) gives the **debtors** an **absolute right to dismiss**, regardless of whether they acted in bad faith in their bankruptcy **case**. For the reasons stated below, the court finds that the **debtors do not have** this **absolute right** and that the trustee proved that the **debtors** acted in bad faith. As a result, the **debtors'** motion is denied, the trustee's motion is granted, and the **case** is converted to one under chapter 7.

### *JURISDICTION*

This court has jurisdiction under 28 U.S.C. § 1334 and General Order No.2012–7 entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and it is within the court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall,* 131 S.Ct. 2594 (2011).

### *THE EVIDENTIARY HEARING*

The court held an evidentiary hearing on June 6, 2013. The **debtors** presented their **case** through their own testimony, as well as cross-examination, and exhibits. The **chapter 13** trustee presented his **case** through his own testimony as well as that of Alycia Charney (**chapter 13** trustee **case** administrator) and Debra Sandifer (**chapter 13 case** analyst), together with crossexamination, and exhibits. The parties also filed post-trial briefs. [3]

The findings of fact set forth below are based on that evidence and reflect the court's weighing of the evidence presented, including determining the credibility of the witnesses. "In doing so, the Court considered the witness's demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re The v. Companies,* 274 B.R. 721, 726 (Bankr.N.D.Ohio 2002). *See* FED. R. BANKR.P. 7052 (incorporating FED.R.CIV.P. 52).

### *DISCUSSION*

#### A. Do the **Debtors** Have an **Absolute Right to Dismiss** in the Face of Allegations of Bad Faith?

In response to the trustee's motion to convert the **case** to chapter 7, the **debtors** moved **to dismiss**. Bankruptcy Code § 1307 provides (in relevant part) for conversion or dismissal of a **debtor's chapter 13 case**:

\* \* \*

(b) On request of the **debtor** at any time, if the **case** has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a **case** under this chapter. Any waiver of the **right to dismiss** under this subsection is unenforceable.

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a **case** under this chapter to a **case** under chapter 7 of this title, or may dismiss a **case** under this chapter, whichever is in the best interests of creditors and the estate, for cause ...

**\*2** 11 U.S.C. § 1307(b) and (c). "These two provisions—i.e., that the court 'shall' dismiss a **case** on request of the **Chapter 13 debtor**, but that the court also 'may' convert a **Chapter 13 case** to Chapter 7 'for cause'—can conflict where ... [in a **case** such as this] a **debtor** requests voluntary dismissal, while, on the other hand, ... the trustee moves to convert [.]"

Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 771 (9th Cir.2008). Therefore, the first issue to be addressed is whether § 1307(b) gives the **debtors** the unqualified **right to dismiss** their **case**.[4] If so, their motion **to dismiss** must be granted, making the trustee's conversion request moot.

Despite the seemingly unqualified language used in § 1307(b) regarding a **debtor's right to dismiss** a **chapter 13 case** which was not previously converted, courts are divided on the issue of whether the **right to dismiss** is subject **to** an exception for bad faith or abusive conduct. Much of the debate on this issue focuses on the implications of the Supreme Court's decision in Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007). There, the Court held that a **debtor's right** to convert a chapter 7 **case** to **chapter 13** under § 706(a) is qualified and may be forfeited due to such conduct. The two Circuit Courts to address the issue post-Marrama have concluded that a **debtor's right to dismiss** under § 1307(b) is also qualified and can be forfeited based on a **debtor's** bad faith conduct or abuse of the bankruptcy process. Jacobsen v. Moser (In re Jacobsen), 609 F.3d 647, 660 (5th Cir .2010); In re Rosson, 545 F.3d at 774–75. Both courts found that "Marrama's 'rejection of the **absolute right** theory as to § 706(a) applies equally to § 1307(b)' because 'there is no analytical distinction' between the two statutes." In re Jacobsen, 609 F.3d at 660 (quoting In re Rosson, 545 F.3d at 773). A number of lower courts, on the other hand, have considered Marrama, found that it does not speak to § 1307(b), and concluded that § 1307(b) provides an **absolute right to dismiss**. See, for example, In re Williams, 435 B.R. 552, 555 (Bankr.N.D.Ill.2010) (collecting **cases** and noting that most reported decisions have held that **chapter 13 debtors** have the unqualified **right to dismiss** an unconverted **case**). The Sixth Circuit has not taken a position on this issue. The Circuit's pre-Marrama decision Copper v. Copper (In re Copper), 426 F.3d 810, 816 (6th Cir.2005), however, suggested that the use of the term "shall" in § 1307(b) distinguishes it from § 706(a).

In the absence of controlling authority in this Circuit, and given that the only two Circuit Courts to consider this issue have concluded that the Supreme Court's reasoning in Marrama extends to § 1307(b), this court will follow Jacobsen and Rosson and determine that the **debtors do not have** an **absolute right to dismiss** their **case** in the face of allegations that they have acted in bad faith or abused the bankruptcy process. The trustee now has the burden of proving that the **debtors'** behavior warrants converting the **case** to chapter 7. See Alt v. United States (In re Alt), 305 F.3d 413, 420 (6th Cir.2002) (assigning the burden of proving a **debtor's** lack of good faith under § 1307(c) to the party seeking relief).

**B. Did the Trustee Prove that the Debtors Acted in Bad Faith?**

**1. The Debtors' Proposed Plan and Proposed Modification to It**

**\*3** The **debtors** filed their **case** on January 8, 2012 and offered a dividend to their unsecured creditors of the greater of 1% or $800.00. After the trustee held the meeting of creditors,[5] he filed an objection to confirmation.[6] The objection identified these issues:

1. The **debtors** owned a Florida timeshare that had not been disclosed.

2. The **debtors** transferred real estate on East Miner Road, Mayfield Heights, Ohio before they filed the **case** in an effort to convert a non-exempt asset to an exempt asset (i.e., their residence), showing lack of good faith. Also, despite the transfer, the **debtors** did not actually live at the Miner Road property.

3. The **debtors** failed to devote all of their projected disposable income to the plan.

4. The **debtors** failed to account for proceeds from the 2011 sale of inherited property in Florida.

5. The plan did not provide unsecured creditors with at least as much as they would receive in a chapter 7 **case**.

Separately, the trustee objected to the **debtors'** attempt to claim a homestead exemption for the Miner Road property because, the trustee alleged, they did not live there when they filed the **case** or at the time of the meeting of creditors.[7]

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.

On June 12, 2012, the trustee filed his motion to convert the **case** to chapter 7, arguing that the **debtors** had substantial non-exempt assets-equity in the Miner Road property and previously undisclosed cash on hand-which should be distributed to creditors. A few days later, the **debtors'** counsel moved to withdraw on the grounds that Jerry [8] had not told him that he had owned a one-half interest in inherited property or about its sale in 2011. Additionally, Jerry did not tell him about cash he had on hand as of the filing date which included proceeds from that sale. He stated that, as a result, he had to withdraw from the representation. [9] The **debtors** did not oppose the motion and the court granted it. [10]

On October 22, 2012, through new counsel, the **debtors** proposed a modified plan in which they offered unsecured creditors the greater of 20% or $12,000.00. [11] The trustee raised or renewed these issues in his objection: [12]

1. Schedules B and D should be amended to disclose the **debtors'** interest in a Florida timeshare and vehicles, as well as to list lienholders.

2. By the manner in which the **debtors** listed a mortgage lienholder and real estate taxes, they were improperly trying to accelerate payments on a note secured by a mortgage to the detriment of the unsecured creditors.

3. The **debtors** needed to provide income tax returns for 2011 and pay advices for 2012. Without them, the trustee could not resolve the projected disposable income issue.

4. Issues remained with the transfer of the Miner Road property, which could only be resolved by offering a 100% dividend.

5. Based on bank statements newly provided to the trustee, the **debtors** were improperly paying for a Florida timeshare and a vehicle outside the plan.

**\*4** 6. The prepetition Miner Road property transfer showed lack of good faith.

On November 30, 2012, the **debtors** filed a motion to modify their plan, and also amended schedules A, D, I, and J and summary of schedules. [13] While the **debtors** maintained the same offer to unsecured creditors, this time they disclosed the Florida timeshare and added the creditor holding a secured interest in that property. The trustee again objected, [14] renewing his earlier objections and adding to the lack of good faith argument:

1. The **debtors** had $5,000.00 in a bank account at the petition date that they did not disclose.

2. The **debtors** failed to disclose the Florida timeshare.

3. After the trustee discovered that the **debtors** earn more income than they disclosed, they amended their schedules to increase their expenses.

4. The **debtors** stated under penalty of perjury in their petition that they lived in the Miner Road property, when they did not.

On January 9, 2013, when the parties could not settle their differences, the court set an evidentiary hearing date of June 6, 2013, leaving time for discovery. On May 22, 2013, the **debtors** moved **to dismiss** their **case**. The court heard both the trustee's motion and the **debtors'** motion on June 6, 2013.

### 2. The Hearing Evidence

A. *The **Debtors'** Residence at the Time of Filing*
Although the **debtors** listed their residence as Miner Road, they actually lived at 4289 Brainard Road, Orange, Ohio on the petition date. The Brainard Road property had a fair market value of about $244,000.00 secured by about $438,000.00 in debt, leaving no equity. [15] The Miner Road property had a fair market value of $95,000.00, [16] which secures about $34,000.00 in debt, leaving about $61,000.00 in equity for creditors unless the **debtors** are entitled to a homestead exemption. [17]

Jerry took title to the Miner Road property in 2006 via a general warranty deed. In January 2010, he transferred the property to Homesavers Network, LLC, a company solely owned by him, for $10.00. The warranty deed provided that Diane released her dower **rights**. Nine days before filing the bankruptcy, Jerry transferred the property to Diane and to himself, for no consideration. Jerry transferred the house to maximize their ability to claim a homestead exemption because the Miner Road property had equity, while the Brainard Road property did not. [18] They did not move to Miner Road until May 2012, about four months after they filed. Although Jerry testified that they did not move until they completed renovations, the evidence showed that the

alterations were minor and should not have precluded the **debtors** from living in the house. Instead, the court concludes that they chose to remain in the (more expensive) Brainard Road house until the secured creditor moved for relief from stay.

The **debtors** scheduled Jerry's ownership interest in Homesavers as an asset with no value because the Miner Road property transfer made Homeowners insolvent. Jerry was also insolvent when he transferred the property.

### B. *The Florida Inherited Real Estate*

**\*5** In 2006, Jerry and his sister inherited Florida property from their parents. They apparently shared the cost of maintaining the property for some time until Jerry could no longer afford it. At that point, his sister paid his share. They sold the property in May 2011. Jerry paid his sister $3,200.00 to reimburse what she paid earlier on his behalf. The **debtors** did not disclose the ownership, the sale, the transfer to Jerry's sister or the remaining sale proceeds when they filed their bankruptcy **case**.

### C. *The Florida Timeshare*

At the time of filing, Jerry owned an interest in a Florida timeshare that he did not disclose. The trustee uncovered the asset during the meeting of creditors. Jerry testified that his former attorney told him not to schedule this asset; the court did not believe this testimony. Jerry made undisclosed monthly payments of $1,200.00 on this debt until June 2012, at which time he testified that he could no longer afford to make the payments. According to an earlier filed response to the trustee's objection, the reason he could no longer afford it is because his attorney told him that he had to increase his plan payments by the $1,200.00. [19]

### D. *The Cash on Hand at the Time of Filing*

The **debtors** stated in their petition that they had $500.00 in cash and checking accounts. They failed to disclose that they actually had about $8,000.00. This amount consisted of $1,480.59 in bank accounts and $6,425.28 in funds remaining from the sale of the inherited property (about $4,000.00 of which they spent before July 13, 2012 and $2,425.28 of which they still held on that date).

### E. *Jerry's Employment*

At the time of filing, Jerry had worked as a loan officer at RBS Citizens for five years. At trial, he testified that he quit his job on April 24, 2013 because he was not bringing enough money home to support himself. Because he left the job voluntarily, he is not eligible for unemployment compensation. He would not be able to make the required **chapter 13** payments unless he finds another job and, as of the date of trial, he had no new employment.

Diane's testimony followed Jerry's. Under cross-examination, she admitted that after Jerry quit his job he immediately started working doing loan closings for her employer. The court believes this testimony and does not believe what Jerry said earlier in the trial.

### 3. The Totality of the **Debtors'** Circumstances

The Sixth Circuit applies a "totality of the circumstances" analysis to determine whether a **debtor** has acted in good faith. *See In re Copper,* 426 F.3d at 815 (noting that a good faith determination is fact specific and flexible); *In re Alt,* 305 F.3d at 419 (looking at the totality of the circumstances to determine a **debtor's** good faith under § 1307(c)); *Society Nat'l Bank v. Barrett (In re Barrett),* 964 F.2d 588, 591 (6th Cir.1992) (noting that a determination under § 1325(a)(3) as to a **debtor's** good faith in proposing a plan must be made after considering the totality of the circumstances).

**\*6** The following non-exhaustive list of factors are appropriately considered in determining a **debtor's** good faith in filing a **chapter 13 case**: (1) the nature of a **debtor's** debt, including whether the debt would be nondischargeable in a chapter 7 **case**; (2) the timing of the filing of the petition; (3) how the debt arose; (4) the **debtor's** motive in filing; (5) how the **debtor's** actions affected creditors; (6) **debtor's** treatment of creditors before and after filing; and (7) whether the **debtor** has been forthcoming with the bankruptcy court and creditors. *In re Alt,* 305 F.3d at 419–20 (citing *In re Love,* 957 F.2d 1350, 1357 (7th Cir.1992)). These same factors are relevant when analyzing whether a **debtor's** motion **to dismiss** should be denied for bad faith. *Mitrano v. United States (In re Mitrano),* 472 B.R. 706, 710 (E.D.Va.2012). Additional factors to be considered include: the **debtor's** income and expenses; the **debtor's** attorney fees; the anticipated duration of the plan; the **debtor's** sincerity in seeking relief; the **debtor's** earning potential; any special circumstances, such as unusually high medical expenses; the frequency with which the **debtor** has

sought bankruptcy relief; the circumstances under which the **debtor's** debt was incurred; the amount of payment being offered; the burden which administration would place on the trustee; and the statutorily-mandated policy of construing bankruptcy provisions in favor of the **debtor**. *In re Grischkan,* 320 B.R. 654, 658–59 (Bankr.N.D.Ohio 2005) (citing *In re Alt,* 305 F.3d at 419–20).

In this **case**, the totality of the circumstances firmly establish that the **debtors** filed and proceeded with their bankruptcy **case** in bad faith. They did not tell the truth in their initial filing about their residence, the amount of cash they had on hand, the fact that Jerry owned a Florida timeshare, or Jerry's sale of the inherited Florida property and their continued possession of some of the sale proceeds. As to the residence, the court concludes that the **debtors** did not intend to move to the Miner Road property unless they had to, a circumstance that arose when the creditor holding a secured interest in the Brainard Road property forced their hand by filing a motion for relief from stay. Thus, they **did not have** a good faith basis for claiming a homestead exemption in the Miner Road property. The deception continued when the **debtors** made undisclosed payments on the note secured by the Florida

timeshare, stopping only when the trustee uncovered the payments. Additionally, Jerry lied when he testified at trial that he had not found new employment, thus deliberately underplaying his ability to fund their **chapter 13** plan and suggesting that they had **to dismiss** their **case** for that reason. There are no special circumstances that would counterbalance these actions and failures to act. In short, these **debtors** acted in bad faith when they filed their bankruptcy **case** and continued in that spirit throughout. As a result, their **case** will be converted to chapter 7 and their assets administered under the supervision of a chapter 7 trustee.

### *CONCLUSION*

**\*7** The **debtors'** motion **to dismiss** is denied and the trustee's motion to convert to chapter 7 is granted.

IT IS SO ORDERED.

### All Citations

Not Reported in B.R., 2013 WL 3864310

### Footnotes

1     This opinion is not intended for publication, either electronic or print.
2     Docket 39, 50, 110, 122.
3     Docket 124, 125.
4     The § 1307(b) restriction against voluntarily converting a **case** which was previously converted to **Chapter 13** does not apply here.
5     *See* 11 U.S.C. § 341(a).
6     Docket 18, exh. H.
7     Docket 19.
8     Because the **debtors** have the same last name, the court will use their first names to avoid confusion.
9     Docket 41.
10     Docket 54.
11     Docket 76.
12     Docket 83, 84.
13     Docket 89, 90.
14     Docket 95.
15     Docket 1, Schedule A; Docket 89, Amended Schedule A.
16     Docket 119, 124.
17     Docket 1, Schedule A; Docket 89, Amended Schedule A.
18     *See* 11 U.S.C. § 522. Schedules A and C.
19     Docket 88.

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.