**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:49 PM June 23, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| RAJINDER S. MALHI AND | ) | CASE NO. 20-40762 |
| PRATIPAL K. MALHI, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

  On June 19, 2020, Debtors voluntarily dismissed their case. The following day, creditor Brinda Rama ("Rama") filed a motion to vacate the dismissal. She filed two supplemental motions, one to shorten the notice period and the other to expedite the hearing, on the motion to vacate dismissal.

  The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

  This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

  Rama argues Debtors filed their case in bad faith and therefore are not entitled to voluntary dismissal. She alleges that Debtors' schedules show significantly less assets than disclosed in a 2015 statement of their net worth. She asks the court to reinstate the case so that

she may proceed to prosecute multiple motions for 2004 examinations and production of documents issued to various banks and investment companies.

This court concluded that a debtor does not have an absolute right to dismiss a chapter 13 case when flagrant bad faith or abuse of the bankruptcy system are in play.  In re Smith, 2019 WL 2406940 (Bankr. N.D. Ohio 2019).   However, this does not mean a debtor may be required to continue a chapter 13 case because "Chapter 13 is intended to be entirely voluntary" to avoid involuntary servitude concerns.   In re Fluharty, 23 B.R. 426, 428 (Bankr. N.D. Ohio 1982) (citing H.R.No.95-595, 95th Cong., 1st Sess. at 120 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787).   The voluntary nature of chapter 13 also recognizes "the difficulty of forcing an unwilling debtor to comply with a repayment plan."   Jacobsen v. Moser (In re Jacobsen), 609 F.3d 647, 659 (5th Cir. 2010) (citing In re Armstrong, 408 B.R. 559, 570 (Bankr. E.D.N.Y. 2009)).   For these reasons, the court finds it is necessary to consider the relief available.

Generally, courts that have denied a debtor an absolute right to dismiss have either (1) converted the case, or (2) dismissed the case with proscriptions against refiling.  Cusano v. Klein (In re Cusano), 431 B.R. 726 (B.A.P. 6th Cir. 2010) (upholding bankruptcy court's dismissal with two year bar on refiling and limitation of the automatic stay in future filings; In re Cyncynatus, 2013 WL 3864310 (Bankr. N.D. Ohio 2013) (converting case to chapter 7); Smith, 2019 WL 2406940 (granting lien holder *in rem* relief under §362(d)(4)).   This relief comports with that available to creditors and parties in interest under 11 U.S.C. § 1307(c).

Rama does not seek dismissal or conversion but seeks to reinstate the case to continue prosecution of her 2004 examination motions. This relief is not exclusive to the bankruptcy court and can also be accomplished in state court (e.g. debtor's exams).   But if Rama's motion to vacate is granted, it forces Debtors back into a chapter 13 case and also impedes other creditors from pursuing their state law remedies.   For these reasons, the court finds sufficient interests of other parties at stake and declines to authorize shortened notice and expedited hearing of Rama's motion to vacate the dismissal order.

The motions will be denied by a separate order to be entered immediately.

#          #          #

**Service List:**

Richard V. Hoppel
Richard V. Hoppel Co., L.P.A.
16688 Saint Clair Avenue
East Liverpool, OH 43920

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505

Jody M. Oster
1391 W. Fifth Avenue
Suite 433
Columbus, Ohio 43212